**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-326-RJC
(3:07-cr-142-RJC-1)**

| | |
|---|---|
| **ALFRED ISAIAH GRASTLEY,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion for Appointment of Counsel, (Doc. No. 2), to allow the Federal Defenders of Western North Carolina to represent Petitioner in his pending Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, and on Petitioner's Motion to Stay pending final disposition by the Fourth Circuit and the Supreme Court of the Fourth Circuit's decision in United States v. Mungro, No. 13-4503. (Doc. No. 3).

In § 2255 actions, appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. Id. Moreover, there is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The Court may appoint counsel to a financially eligible habeas petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). This Court finds that Petitioner has not shown that appointment of counsel is appropriate in this case. The Court, therefore, denies Petitioner's motion to appoint counsel.

The Court hereby grants Petitioner's motion to stay pending final disposition of <u>United States v. Mungro</u>.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Motion for Appointment of Counsel, (Doc. No. 2), is **DENIED**.

(2) Petitioner's Motion to Stay, (Doc. No. 3), is **GRANTED**.

Robert J. Conrad, Jr.
United States District Judge